**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIMON PROPERTY GROUP, INC.,**

     **Plaintiff,**

-vs-                Case No.  6:11-cv-1598-Orl-31KRS

**LYNNETTE LAURIA; ROBERT JAMES LAURIA; SARAH LAGI; RACHAEL LAURIA; RJL SERVICES, LLC; ARNELL, INC.; and SNOUTHOUND ENTERPRISES, LLC,**

     **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF, SIMON PROPERTY GROUP, INC.'S, MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND TO COMPEL PRODUCTION OF DOCUMENTS AS TO DEFENDANT, RACHAEL LAURIA (Doc. No. 46)**
>
> **FILED:** February 17, 2012
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff filed the above-referenced motion to compel Defendant Rachael Lauria to respond more fully to its interrogatories and requests for production of documents. The certificate of service reflects that the amended motion was served on counsel for Lauria on February 17, 2012.

Accordingly, a response to the motion was due on March 5, 2012. As of the writing of this Order, no response has been filed and the time for filing has passed.

It is, therefore, **ORDERED** that, on or before March 23, 2012, Rachael Lauria shall serve a sworn supplemental response to interrogatories 1, 2, 4, 5, 6, 8, 12 and 13 providing all of the information requested and shall produce for inspection and copying all documents in her possession, custody or control that are responsive to requests for production 1-22.

Fed. R. Civ. P. 37(a)(5)(A) provides that when a motion to compel is granted, the Court must require the offending party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the motion was filed before conducting a good faith conference, the opposing party's position was substantially justified or other circumstances make an award of expenses unjust. Plaintiff certifies that a good faith conference was conducted. Rachael Lauria has not shown that her position was substantially justified or that other circumstances make an award of expenses unjust. Therefore, it is **ORDERED** that Rachael Lauria shall pay the reasonable expenses, including attorney's fees, Plaintiff incurred in filing the present motion. It is further **ORDERED** that counsel for the parties shall confer in a good faith effort to resolve the amount of expenses to paid, failing which Plaintiff may file before the close of discovery a motion for assessment of attorney's fees supported by evidence of the reasonable hourly rate and reasonable number of hours work and other actual expenses incurred.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE