**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIMON PROPERTY GROUP, INC.,**

> **Plaintiff,**

-vs-                                                    **Case No.  6:11-cv-1598-Orl-31KRS**

**LYNNETTE LAURIA, et al.,**

> **Defendants.**

_____/

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 151) filed by

Defendant Timothy Herman ("Herman") and the response (Doc. 152) filed by the Plaintiff, Simon

Property Group ("SPG").

SPG operates shopping malls and other retail centers.  It contends that its former marketing

director, Lynnette Lauria ("Lauria"), defrauded it of large sums of money through the use of phony

invoices to sham companies and by arranging to receive kickbacks from marketing entities doing

business with SPG.   Essentially, SPG asserts that Lauria would authorize payments for marketing

services purportedly rendered by sham companies she had established or by companies that had

agreed to pay her a kickback, and SPG would receive little or nothing in exchange for the payment.

Herman was one of the principals in several of the entities that allegedly paid kickbacks to Lauria.

At the outset, Herman states that he seeks dismissal of counts II-IV and VII-IX of the

Second Amended Complaint.  However, he makes no actual arguments in regard to counts IV, V,

VII, and VIII.  Accordingly, as to those counts, the motion is denied. In addition, the argument

raised by Herman in regard to Count II is identical to the argument raised in regard to that count by

Defendants Ryan Deming and Dale Takio, which this Court has already rejected. And Herman's

argument in favor of a more definite statement has already been considered and rejected.  Thus

Herman's motion boils down to an effort to dismiss Count III and Count IX.

*Count III*

In Count III, SPG sets forth a fraud claim against all Defendants.  Under Florida law, a

fraud claim lies for (1) misrepresentation of a material fact (2) by someone who knew or should

have known of the statement's falsity (3) with intent that the representation would induce another

to rely and act on it and (4) injury suffered in justifiable reliance on the representation.  *Zarella v.*

*Pacific Line Life Ins. Co.*, 755 F.Supp.2d 1218, 1223 (S.D.Fla. 2010).  Among other things, SPG

alleges in Count III that the Defendants made misrepresentations of material fact by "creat[ing]

numerous *false invoices* and/or Service Agreements, including a forged signature by Ms. Lauria's

superior, to receive payment for marketing and advertising services allegedly provided to [SPG],

such as distribution of brochures to racks along interstate highways and in hotels throughout

Florida to advertise [SPG]'s malls, representation of [SPG] at concierge hotel events, public

relations services, printing services and representation at trade shows globally."  (Doc. 147 at 36)

(emphasis added).

Herman argues that any false invoices were created at Lauria's direction within the scope

of her duties for SPG.  As such, knowledge of the falsehood of the invoices would be imputed to

SPG, and any reliance on the purported truthfulness of the invoices would not have been justified.

However, Florida courts recognize an exception to the imputation rule where an individual is

acting adversely to the corporation.  In that situation, the individual's knowledge and conduct are

-2-

not imputed to the corporation.  *See Beck v. Deloitte &Touche*, 144 F.3d 732, 736 (11th Cir. 1998).

Clearly, SPG has alleged that Lauria was acting adversely to its interests when she was committing

the alleged fraud.

Herman also argues that Lauria had the apparent authority to direct him to create the

allegedly false invoices.  On its face, this argument is patently ridiculous.  An employee's apparent

authority – *i.e.*, the power held by an agent or other actor to affect a principal's legal relations with

third parties – only applies "when a third party *reasonably believes* the actor has authority to act on

behalf of the principal and that belief is traceable to the principal's manifestations."  *Restatement*

*(Third) of Agency* § 2.03 (emphasis added).  Herman, who is alleged to have participated in the

fraud, has not pointed to anything in the Second Amended Complaint indicating that he could have

reasonably believed that Simon empowered Lauria to direct vendors to create inflated invoices so

as to cover up kickbacks or otherwise defraud the company.

Finally, in Count IX, SPG sets forth a claim under the Florida Antiphishing Act, Fla. Stat.

§ 688.703.  SPG contends that after a whistleblower began to reveal Lauria's activities to SPG,

Herman and Lauria hatched a scheme to minimize the exposure: By email, Herman impersonated

an SPG employee and directed the whistleblower to communicate with only him (under another

name) and another individual who was, in fact, Lauria under another name.  Herman contends that

it is not clear whether the count is directed solely at him or also against Lauria and argues that, if

the count is directed solely at him, Lauria is a necessary party.  But the count is clearly labeled as

being directed solely to him, and Herman fails to cite any authority or make any real argument that

Lauria is a necessary party.  He also complains that the count is "purely speculative," but the Court

finds that the count contains more than sufficient factual allegations to survive a motion to dismiss.

Accordingly, in consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 151) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 1, 2012.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party