**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIMON PROPERTY GROUP, INC.,**

                    **Plaintiff,**

**-vs-**                                                  **Case No. 6:11-cv-1598-Orl-31KRS**

**LYNNETTE LAURIA, et al.,**

                    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT TIMOTHY HERMAN (Doc. No. 179)**
>
> **FILED:** **August 21, 2012**
> _____
>
> **THEREON** it respectfully recommended that the motion be **GRANTED**.

Defendant Timothy Herman was previously represented by counsel in this case. After his attorneys withdrew, the Court issued an order requiring Herman to file a notice of the telephone number and email address at which he could be reached on or before August 17, 2012. The order cautioned Herman that failure to abide by the order could result in imposition of sanctions, including dismissal of the case. Doc. No. 169. Herman did not comply with the order.

Additionally, the Court denied Herman's motion to dismiss the amended complaint on August 1, 2012. Doc. No. 172. Herman had fourteen days following the order to file a responsive pleading. Fed. R. Civ. P. 12(a)(4)(A). As of the writing of this Order, Herman has not responded to the amended complaint and the time for responding has passed.

Plaintiff thereafter moved for entry of a default as a sanction and had the motion personally served on Herman. Doc. Nos. 179, 179-1. Herman did not respond to that motion. In an abundance of caution, the Court issued an Order to Show Cause requiring Herman to show cause in writing on or before September 10, 2012 why a default should not be entered for failure to abide by a Court order. Doc. No. 186. As of the writing of this Order, Herman has not responded to the Order to Show Cause and the time for responding has passed.

Fed. R. Civ. P. 16(f)(1)(C) provides that the Court may issue any just order, including entry of a default, if a party fails to obey a scheduling or other pretrial order. "[D]istrict courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003).

The undersigned is aware that entering a default against Defendant Herman is one of the harshest sanctions available. However, Rule 16(f) was "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). When, as here, a *pro se* defendant appears to have abandoned the litigation, as shown by his failure to respond to the amended complaint, the motion for entry of a default and the Order to Show Cause, and his failure

to provide contact information required by a Court order, no lesser sanction than default would allow the expeditious management of the case. Accordingly, I recommend that the Court direct the Clerk of Court to enter a default against Defendant Timothy Herman.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Orlando, Florida on September 11, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE