UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIMON PROPERTY GROUP, INC., a
Delaware corporation,

    Plaintiff

v.                                                   Case No. 6:11-cv-1598-ORL-31KRS

LYNNETTE LAURIA, individually and
d/b/a Marketing Resource Network, XLM
Marketing, Excell Services, XLM Excell
and PR Works; ROBERT JAMES LAURIA,
individually d/b/a Marketing Resource
Network, XLM Marketing, Excell Services,
XLM Excell and & PR Works; SARAH LAGI,
individually and d/b/a XLM Marketing;
RACHAEL LAURIA, individually and d/b/a
PR Works; TIMOTHY HERMAN, individually
and d/b/a EDL Management, Florida Tourism
Distribution Services, Target Distribution, TJI;
RYAN DEMING, Individually and d/b/a Florida
Tourism Distribution Services, Kids Eat Free Card,
Target Distribution and TJI; DALE TAKIO,
Individually and d/b/a Kids Eat Free Cards;
RJL SERVICES, LLC, an inactive Florida limited
liability company; ARNELL, INC., an inactive
Nevada corporation, and d/b/a XLM Marketing;
SNOUTHOUND ENTERPRISES, LLC,
a Florida limited liability company; IMAGE
MARKETING OF FLA, INC., a Florida
corporation; IMAGE MARKETING OF FLORIDA,
LLC, an inactive limited liability company;
IMAGE MARKETING GROUP, INC., an inactive
Florida corporation; EVENT PLANNERS USA, INC.,
An inactive Florida corporation; DT PRINTING
SOLUTIONS, LLC, an inactive Florida limited
Liability company; HAT MARKETING, LLC, a
Florida limited liability company; POINTE
DISTRIBUTION, LLC, an inactive Florida limited
Liability company; and TAKITIK, INC., an inactive
Florida corporation,

    Defendants.
_____/

1

**DEFENDANT HAT MARKETING, LLC'S MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS ALLEGED BY PLAINTIFF AGAINST IT IN THE SECOND AMENDED COMPLAINT [DOC. 147] AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed. R. Civ. P. 56, Defendant HAT MARKETING, LLC ("Hat"), moves for entry of a Summary Judgment in favor of Hat on each claim in the Second Amended Complaint[1] [Doc. 147] alleged by Plaintiff, SIMON PROPERTY GROUP, INC. ("Simon"), against Hat; Count III-Fraud; Count IV-Civil Conspiracy; and Count V-Conversion.

**BACKGROUND**

Movant believes that the following facts are not in dispute for the purpose of this motion[2]:

Plaintiff Simon Property Group, Inc. ("Simon") owns and operates malls and retail centers throughout the United States. Defendant, LYNNETTE LAURIA ("Lauria") began her employment with Simon as a marketing director at a mall in New Hampshire. In 2000 she was transferred to the Florida Mall in Orlando, Florida, where she continued to serve as marketing director. By June 2007, she was promoted to the position of "Vice-President for Mall Marketing for the Florida and Puerto Rico Regions"–a position she held until July 2011. [Doc. 147 at 7.] As relevant to the instant case, Lauria's job entailed negotiating service agreements and overseeing the efforts of outside marketing and advertising companies in the region.

According to the Second Amended Complaint, Defendant, LYNETTE LAURIA "Lauria") used her position at Simon to divert marketing and advertising business to fictitious companies she controlled or to companies which provided her special kickbacks. In either case,

---

[1] Plaintiff's Second Amended Complaint consists of nine (9) separate counts alleged against eighteen separate Defendants.
[2] Much of the language utilized here is quoted from the Magistrate Judge's Order [Doc. 143] on Motions to Dismiss the Amended Complaint filed by Defendants, Deming, Takio, Hat, Takitik, Inc., DT Printing Solutions, LLC, Pointe Distribution, LLC, Image Marketing Group, Inc., Image Marketing of Florida, LLC, and Event Planners USA, Inc.

Simon was charged "exorbitant fees for little to no services." [Doc. 143 at 2, quoting 147 at 13, ¶54].

## APPLICABLE STANDARD OF REVIEW

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled judgment as a matter of law." Fed. R. Civ. P. 56(c); accord *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id*. at 1260. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*.; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id*. On the other hand, summary judgment must be granted "against a party who fails to make a showing

3

sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. In addition, when a claimant fails to produce "anything more than a repetition of his conclusory allegations", summary judgment for the movant is "not only proper but required." *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.*at 322, 324-25; *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

"The law is clear, however, that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment." *LaRoche v. Denny's, Inc.*, 62 F.Supp.2d 1366, 1371 (S.D. Fla. 1999).

## DOCUMENTS OF RECORD SUPPORTING HAT MARKETING, LLC'S MOTION FOR SUMMARY JUDGMENT

1. Affidavit of DALE TAKIO on behalf of Defendant, HAT MARKETING, LLC[3].

## ARGUMENT AS TO COUNT III-FRAUD

Succinctly put, Plaintiff has improperly named this Defendant as a party in this lawsuit.

In order to prevail on an action for fraud, Plaintiff must establish: (1) Defendant made a false statement regarding a material fact; (2) Defendant knew or should have known the representation was false; (3) Defendant intended that the representation induce Plaintiff to act on it; and (4) Plaintiff suffered damages in justifiable reliance on the representation. *Webb v. Kirkland*, 899 So. 2d 344, 346 (Fla. 2d DCA 2005).

The Affidavit of DALE TAKIO on behalf of Hat demonstrates that Hat did not make any false representation of a material fact alleged in the Second Amended Complaint. Plaintiff has adduced no evidence in this proceeding which even circumstantially implicates Hat in a perpetrating a fraud upon Plaintiff. Plaintiff was never invoiced by Hat, never paid any money to Hat and Hat never received any money from Plaintiff.

There is no issue as to any material issue of fact regarding Hat being liable under Count III of the Second Amended Complaint.

Wherefore, HAT MARKETING, LLC, prays that this Court will grant its motion for summary judgment on Count III of the Second Amended complaint.

---

[3] Notice of Filing the Affidavit is being filed in conjunction with this Motion for Summary Judgment.

## ARGUMENT AS TO COUNT IV-CIVIL CONSPIRACY

"A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Hogan v. Provident Life & Accident Ins. Co.*, 665 F. Supp. 2d 1273, 1285 (M.D. Fla. 2009) (quoting *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008) (citing *Raimi v. Furlong*, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997).

"Conspiracy is not a separate or independent tort but is a vehicle for imputing the tortious actions of one co-conspirator to another to establish joint and several liability." *Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 460 (Fla. 5th DCA 1999) (citing *Ford v. Rowland*, 562 So. 2d 731 (Fla. 5th DCA 1990). "To be held liable for the acts of all co-conspirators, each co-conspirator need only know of the scheme and assist in it in some way." *Principal Life Ins. Co. v. Mosberg*, No. 09-22341-CIV, 2010 WL 473042, at *6 (S.D. Fla. Feb. 5, 2010) (quoting *Donofrio v. Matassini*, 503 So. 2d 1278, 1281 (Fla. 2d DCA 1987). "The existence of a conspiracy and an individual's participation in it may be inferred from circumstantial evidence." *Donofrio*, 503 So.2d at 1281.

The Affidavit of DALE TAKIO on behalf of Hat demonstrates that Hat did not know of and/or participate in any tortious action resulting in damage to the Plaintiff. Plaintiff has adduced no evidence in this proceeding which even circumstantially implicates Hat having knowledge of or participating in any tortious actions committed against Plaintiff.

There is no issue as to any material issue of fact regarding Hat being liable under Count IV of the Second Amended Complaint.

Wherefore, HAT MARKETING, LLC, prays that this Court will grant its motion for summary judgment on Count IV of the Second Amended complaint.

## ARGUMENT AS TO COUNT V-CONVERSION

A conversion claim requires an unauthorized act which deprives another of his property permanently or for an indefinite time. *Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450 So. 2d 1157, 1160-61 (Fla. 3d DCA 1984).  As previously pointed out by the Magistrate Judge: "There is nothing in the nature of money as personal property which makes it an improper subject of conversion so long as it consists of specific money capable of identification. To be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified. Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where the wrongful possession of such property is obtained. *Florida Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So. 2d 1059, 1061 (Fla. 5th DCA 2002) (quoting *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970)); see also *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 272 (11th Cir. 2009); *Navid v. Uiterwyk Corp.*, 130 B.R. 594, 595 (M.D. Fla. 1991)." [Doc. 143 at 10.]

The Affidavit of DALE TAKIO, as records custodian of Hat, demonstrates that Plaintiff was never invoiced by Hat, never paid any money to Hat and Hat never received any money from Plaintiff.  Plaintiff has adduced no evidence in this proceeding which even circumstantially demonstrates that Hat received, let alone converted, any money of Plaintiff.

There is no issue as to any material issue of fact regarding Hat being liable under Count V of the Second Amended Complaint.

Wherefore, HAT MARKETING, LLC, prays that this Court will grant its motion for summary judgment on Count V of the Second Amended complaint.

## ECF CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF System which will send a notice of electronic filing to the following:

Carlos E. Mustelier, Jr. Esq., Winget, Spadafora, Schwartzberg LLP,
mustelier.c@wssllp.com.


Thomas A. Sadaka, Esq.
tom@nejamelaw.com, tsadaka@cfl.rr.com, carol@nejamelaw.com

and on this same date furnished a copy of the foregoing Timothy Herman, by electronic mail at tim@exileorlando.com and mailed furnished a copy of the foregoing to him by First Class U.S. Mail to P. O. Box 14152, Orlando, FL 32814.

/S/ *Craig A. Brand, Esq.*

_____

**Craig A. Brand, Esq.**
FBN: 896111
THE BRAND LAW FIRM, P.A.
Attorneys for Defendants, Ryan Deming, individually and d/b/a Florida Tourism Distribution Services, Kids Eat Free Card, Target Distribution and TJI; Event Planners USA, Inc.; Image Marketing of Florida, LLC; Image Marketing Group, Inc.; Dale Takio, Individually and d/b/a Kids Eat Free Cards; DT Printing Solutions, LLC; Hat Marketing, LLC; Pointe Distribution, LLC; and Takitik, Inc.
Grove Forest Plaza
2937 S.W. 27th Avenue, Suite 101
Miami, Florida 33133
Main Office and Fax Line. 877-407-2726 (VOIP Dual Line)
Tel. (407) 447-1447
Tel. (305) 878-1477
Email: Craig@TheBrandLawFirm.com