UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIMON PROPERTY GROUP, INC., a
Delaware corporation,

    Plaintiff

v.                                                  Case No. 6:11-cv-1598-ORL-31KRS

LYNNETTE LAURIA, individually and
d/b/a Marketing Resource Network, XLM
Marketing, Excell Services, XLM Excell
and PR Works; ROBERT JAMES LAURIA,
individually d/b/a Marketing Resource
Network, XLM Marketing, Excell Services,
XLM Excell and & PR Works; SARAH LAGI,
individually and d/b/a XLM Marketing;
RACHAEL LAURIA, individually and d/b/a
PR Works; TIMOTHY HERMAN, individually
and d/b/a EDL Management, Florida Tourism
Distribution Services, Target Distribution, TJI;
RYAN DEMING, Individually and d/b/a Florida
Tourism Distribution Services, Kids Eat Free Card,
Target Distribution and TJI; DALE TAKIO,
Individually and d/b/a Kids Eat Free Cards;
RJL SERVICES, LLC, an inactive Florida limited
liability company; ARNELL, INC., an inactive
Nevada corporation, and d/b/a XLM Marketing;
SNOUTHOUND ENTERPRISES, LLC,
a Florida limited liability company; IMAGE
MARKETING OF FLA, INC., a Florida
corporation; IMAGE MARKETING OF FLORIDA,
LLC, an inactive limited liability company;
IMAGE MARKETING GROUP, INC., an inactive
Florida corporation; EVENT PLANNERS USA, INC.,
An inactive Florida corporation; DT PRINTING
SOLUTIONS, LLC, an inactive Florida limited
Liability company; HAT MARKETING, LLC, a
Florida limited liability company; POINTE
DISTRIBUTION, LLC, an inactive Florida limited
Liability company; and TAKITIK, INC., an inactive
Florida corporation,

    Defendants.

_____/

1

### AFFIDAVIT OF DALE TAKIO, AS RECORDS CUSTODIAN OF DEFENDANT, HAT MARKETING, LLC, IN SUPPORT OF HAT MARKETING, LLC'S MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA   )
                   )
COUNTY OF ORANGE)  SS:

ON THIS DAY personally appeared before me, DALE TAKIO, personally known to me or who produced the following identification DL# T200-164-77-057-0, who after being duly sworn deposes and says as follows:

1. I am the same DALE TAKIO, Individually and d/b/a Kids Eat Free Cards, named as a Defendant in the above-styled cause of action.

2. In the Second Amended Complaint, the Defendants, LYNNETTE LAURIA, individually and d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Marketing and PR Works, ROBERT JAMES LAURIA, individually and d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Excell and & PR Works, SARAH LAGI, individually and d/b/a XLM Marketing, RACHAEL LAURIA, individually and d/b/a PR Works, RJL SERVICES, LLC, ARNELL, INC., and SNOUTHOUND ENTERPRISES, LLC, are referred to as "the Lauria Defendants."

3. In this Affidavit, the Defendants, LYNNETTE LAURIA d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Marketing and PR Works, ROBERT JAMES LAURIA d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Excell and & PR Works, SARAH LAGI d/b/a XLM Marketing, RACHAEL LAURIA d/b/a PR Works, RJL SERVICES, LLC, ARNELL, INC., and SNOUTHOUND ENTERPRISES, LLC, are also being referred to as "the Lauria Defendants."

4. I have personal knowledge of the facts set forth in this Affidavit. I am making this Affidavit to affirm that Defendant, HAT MARKETING, LLC, has been wrongfully and improperly named as Defendant in this lawsuit.

5. Defendant, HAT MARKETING, LLC, is a Defendant in three (3) of the nine (9) counts of the Second Amended Complaint; i.e., Count III-Fraud; Count IV-Civil Conspiracy; and Count V-Conversion.

6. Defendant, HAT MARKETING, LLC ("Hat"), is a Florida limited liability company formed September 16, 2008. At the formation of Hat, Kevin Brett a citizen and resident of the united Kingdom, Defendant, TAKITIK, INC., and Defendant, DALE TAKIO were named Hat's Managers. After the formation of Hat, although I no longer served as a Manager, I have continuously served as the custodian of all of the records of Hat, including, but not limited to, financial records.

7. Upon formation of Hat, I opened a checking account in the name of Hat and have continuously been an authorized signer on the Hat bank account. I closed the sole account maintained by Hat on April 6, 2012. Since September 16, 2008, I performed the minimum functions necessary to maintain Hat as a company lawfully registered to do business in the State of Florida.

8. At no time has Hat ever performed work for or furnished services to Plaintiff, SIMON PROPERTY GROUP ("Simon").

9. At no time has Hat ever billed for, invoiced and/or received any payments from Simon.

10.     At no time has Hat ever assisted any other Defendant in this lawsuit in providing any fraudulent invoices or other documents to Simon in order to induce Simon to improperly pay any monies to any of the Defendants in this lawsuit.

11.     At no time has Hat ever conspired with any other Defendant in this lawsuit to undertake any action which had the intended result of defrauding Simon or improperly diverting money belonging to or under the control of Simon.

12.     At all times material to this lawsuit, Plaintiff has known that Hat Marketing Ltd., a company formed and existing under the laws of the United Kingdom, is the only entity which includes the word "Hat" which billed Simon for services and received payment from Simon.

13.     Attached hereto as Exhibit "1" is a copy of the Proof of Loss – Fidelity, executed under oath March 6, 2012, by Karen Davis, Simon's Vice President of Audit Services listing the specific alleged losses incurred by Simon. In Exhibit "1", Simon specifically claims a loss of $167,135.55 attributable to Hat Marketing LTD. Simon makes no claim whatsoever against Defendant, HAT MARKETING, LLC.

14.     Defendant, HAT MARKETING, LLC, owns no ownership interest whatsoever in Hat Marketing LTD, the company which provided services to Simon, billed Simon and collected payments from Simon.

15.     At no time did Defendant, HAT MARKETING, LLC, own any interest in and/or manage and/or control any of the other named Defendants in this lawsuit.

16.     At no time did Defendant, HAT MARKETING, LLC, receive any monies from Simon or distribute any monies to any of the named Defendants in this lawsuit.

17.     At no time did Hat ever pay any kickback to anyone for any purpose whatsoever, including, but not limited to, the purpose of receiving a preference in obtaining work from Simon

and/or to obtain approval of any business relationship with Simon, and/or to obtain approval of any billings to or payments from Simon.

18. Hat never used any of the Image Companies to obtain an improper financial gain from Simon. Hat had no knowledge whatsoever that there was any improper financial gain by any Defendants in this lawsuit at the expense of Simon.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DALE TAKIO

Sworn to and subscribed before me on this 26th day of December, 2012.

_____ (Seal)
Notary Public State of Florida

My Commission Expires:
November 14, 2016

KATHLEEN M. LAMOUR
Notary Public - State of Florida
My Comm. Expires Nov 14, 2016
Commission # EE 851618



# Proof of Loss – Fidelity

**GREATAMERICAN.**
INSURANCE COMPANIES
FIDELITY/CRIME DEPARTMENT

To: __Great American Insurance Company__
(Name of Insurance Company)

Under your Policy No. **SAA 585-86-12-07** issued to __Simon Property Group, Inc.__
(Insured)

(I or We) **I** hereby make claim for Loss of **$4,029,605.84**, occurring through the dishonesty of __Lynnette L. Lauria__ employed as **Regional Vice President of Marketing** from **December 17, 1999** to **August 1, 2011**, said loss occurring between **September, 2002** and **August, 2011**, and discovered on **August 1, 2011**. The said loss occurred as set forth in the statement on reverse side.

## Detailed Statement of Claim

| DATE | DESCRIPTION OF ITEMS CLAIMED | AMOUNT | | TOTAL | |
|---|---|---|---|---|---|
| | Image Marketing | $934,979 | 84 | | |
| | J&S Multimedia | $429,639 | 24 | | |
| | RJL Services | $480,467 | 83 | | |
| | Florida Tourism Distribution Services | $407,121 | 69 | | |
| | Marketing Resource Network | $309,293 | 18 | | |
| | Event Planners | $286,703 | 62 | | |
| | Takitik | $191,627 | 39 | | |
| | Hat Marketing LTD | $167,135 | 55 | | |
| | Westgate Resorts | $166,924 | 46 | | |
| | Pointe Distribution | $107,176 | 50 | | |
| | Arnell, Inc. | $95,008 | 22 | | |
| | Excell Services | $86,657 | 75 | | |
| | PR Works | $86,623 | 00 | | |
| | TJI | $80,773 | 08 | | |
| | Snouthound Enterprises | $67,099 | 49 | | |
| | FCDS | $57,200 | 00 | | |
| | DTPS | $44,200 | 00 | | |
| | Target Distribution | $17,775 | 00 | | |
| | EDL Management | $11,900 | 00 | | |
| | GMF Consulting | $1,300 | 00 | | |
| | Total Loss………………………> | | | $4,029,605 | 84 |
| | Credits:………………………> | | | | |
| | Salary…………………> | | | | |
| | Commission……………> | | | | |
| | Any Other………………> | | | | |
| | Total Credits………………> | $0 | 00 | | |
| | NET LOSS………………> | | | $4,029,605 | 84 |

*Explanation and Schedule of items may be attached and made part hereof.*

*Dale Takio Affidavit For Hat Marketing, LLC Exhibit "Y"*

## BRIEF STATEMENT AS TO MANNER OF MISAPPROPRIATION

Lynnette Lauria used her position of trust and confidence as a Vice President of Marketing for Simon Property Group to direct payments to several companies owned by either her family or co-conspirators for the purpose of defrauding Simon out of millions of dollars. The companies receiving the payments provided no services or services of minimal value to Simon. Lauria and others benefitted directly from the scheme, with payments going to her family and companies owned by her family. Lauria was also paid kickbacks by co-conspirators who benefitted from her actions. Lauria managed the billings and payments in such a way as to circumvent Simon's financial controls so that the deceptive and wrongful conduct would not be detected by Simon.

The investigation of this misappropriation is ongoing, and Simon reserves the right to amend this claim as additional information is uncovered.

Simon Property Group
(Name of Claimant)

## INSTRUCTIONS FOR MAKING PROOF

Statement of loss should be an itemized account showing the names, dates, amounts and description of individual items, money, securities or property, misappropriated, stolen or embezzled, as nearly as can be ascertained, and if representing collections made, the dates, names and addresses of the persons, firms or corporations from which the collections were made.

Credits should be similarly entered in detail, as to commissions or salary due and unpaid and any securities, notes, etc., should be listed individually with full description.

Attach to proof all original vouchers, if possible, otherwise verified copies of same and any further evidence in explanation or support of the amount or amounts for which claim is made.

County of Marion §
 § SS.:
State of Indiana §

_____KAREN L. DAVIS_____, being duly sworn according to law, deposes and says that he/she is _VP, AUDIT SERVICES_ (Position) of _SIMON PROPERTY GROUP_ (Employer), that the above Statement of Claim is true and correct, that the moneys set opposite the several items listed therein were misappropriated by **Lynnette L. Lauria** on the dates and in the respective amounts set forth, that said moneys, and/or moneys realized from the proceeds of the goods not exceeding their cost value as set forth in said Statement, have not been paid over or returned in any way whatever to the said employer except as herein stated, that due and legal demand has been made by the said employer upon the said employee for the moneys or property above described, and that same have been fraudulently misappropriated by the said employee to his own use and benefit with the intent to deprive the said employer of said moneys or property.

That all items as set forth above are correct and that there has been no settlement made with the employee for any default covered by the Policy, except as follows:

N/A

If other security, indemnity or surety against said loss is held, list the amounts, names and addresses of the indemnitors or sureties with full description of same.

N/A

Further, that there are no offsets whatever against said claim for salary, commissions, etc., other than as set forth particularly on the above Statement, and that the said employer has fully complied with all the conditions of the policy issued by the _Great American Insurance Company_ on behalf of the said employee.

And, further, that the said employee has been continuously in the employ of the said employer for the period beginning December 17, 1999 and ending August 1, 2011, the employment having been discontinued by reason of termination for the wrongdoing described herein.

SWORN to and subscribed
before me this _6th_ day of
_March_, A.D. _2012_

Notary Public

MELISSA WHYBREW
Notary Public - Seal
State of Indiana
My Commission Expires Apr 13, 2018

_Karen R Davis_
(Signature of Deponent)