UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIMON PROPERTY GROUP, INC., a
Delaware corporation,

    Plaintiff

v.                                                   Case No. 6:11-cv-1598-ORL-31KRS

LYNNETTE LAURIA, individually and
d/b/a Marketing Resource Network, XLM
Marketing, Excell Services, XLM Excell
and PR Works; ROBERT JAMES LAURIA,
individually d/b/a Marketing Resource
Network, XLM Marketing, Excell Services,
XLM Excell and & PR Works; SARAH LAGI,
individually and d/b/a XLM Marketing;
RACHAEL LAURIA, individually and d/b/a
PR Works; TIMOTHY HERMAN, individually
and d/b/a EDL Management, Florida Tourism
Distribution Services, Target Distribution, TJI;
RYAN DEMING, Individually and d/b/a Florida
Tourism Distribution Services, Kids Eat Free Card,
Target Distribution and TJI; DALE TAKIO,
Individually and d/b/a Kids Eat Free Cards;
RJL SERVICES, LLC, an inactive Florida limited
liability company; ARNELL, INC., an inactive
Nevada corporation, and d/b/a XLM Marketing;
SNOUTHOUND ENTERPRISES, LLC,
a Florida limited liability company; IMAGE
MARKETING OF FLA, INC., a Florida
corporation; IMAGE MARKETING OF FLORIDA,
LLC, an inactive limited liability company;
IMAGE MARKETING GROUP, INC., an inactive
Florida corporation; EVENT PLANNERS USA, INC.,
An inactive Florida corporation; DT PRINTING
SOLUTIONS, LLC, an inactive Florida limited
Liability company; HAT MARKETING, LLC, a
Florida limited liability company; POINTE
DISTRIBUTION, LLC, an inactive Florida limited
Liability company; and TAKITIK, INC., an inactive
Florida corporation,

    Defendants.
_____/

1

## AFFIDAVIT OF RYAN DEMING
## IN SUPPORT OF DEFENDANTS RYAN DEMING, DALE TAKIO,
## AND HAT MARKETING, LLC'S MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA )
)
COUNTY OF ORANGE) SS:

ON THIS DAY personally appeared before me, RYAN DEMING, personally known to me or who produced the following identification P552-721-76-255-0, who after being duly sworn deposes and says as follows:

1. I am the same RYAN DEMING, Individually and d/b/a Florida Tourism Distribution Services, Kids Eat Free Card, Target Distribution and TJI, named as a Defendant in the above-styled cause of action. I am named as a Defendant in six (6) of the nine (9 Counts of the Second Amended Complaint; i.e., Count II-Aiding and Abetting Breach of Fiduciary Duty; Count III-Fraud; Count IV-Civil Conspiracy; Count V-Conversion; Count VII-R.I.C.O. Mail Fraud; and Count VIII-R.I.C.O. Wire Fraud.

2. In the Second Amended Complaint, the Defendants, LYNNETTE LAURIA, individually and d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Marketing and PR Works, ROBERT JAMES LAURIA, individually and d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Excell and & PR Works, SARAH LAGI, individually and d/b/a XLM Marketing, RACHAEL LAURIA, individually and d/b/a PR Works, RJL SERVICES, LLC, ARNELL, INC., and SNOUTHOUND ENTERPRISES, LLC, are referred to as "the Lauria Defendants."

3. In this Affidavit, the Defendants, LYNNETTE LAURIA d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Marketing and PR Works, ROBERT JAMES LAURIA d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM

2



Excell and & PR Works, SARAH LAGI d/b/a XLM Marketing, RACHAEL LAURIA d/b/a PR Works, RJL SERVICES, LLC, ARNELL, INC., and SNOUTHOUND ENTERPRISES, LLC, are also being referred to as "the Lauria Defendants."

4. I have personal knowledge of the facts set forth in this Affidavit. I am making this Affidavit to affirm that I have been wrongfully and improperly named as Defendant in this lawsuit and to affirm that I had no personal knowledge individually or in any business capacity of the wrongdoing and claims alleged against me in this lawsuit. It is also to affirm that I did not undertake any actions which would have caused Defendants, IMAGE MARKETING GROUP, INC., IMAGE MARKETING OF FLORIDA, LLC, and EVENT PLANNERS USA, INC., to be named as Defendants in this lawsuit.

5. At no time have I owned any interest in and/or operated and/or controlled the Lauria Defendants.

6. I have never done business as Florida Tourism Distribution Services, Kids Eat Free Card, Target Distribution and/or TJI.

    A. Florida Tourism Distribution Services was a fictitious name which Image Marketing Group, Inc., registered on September 21, 2005. I signed the fictitious name registration on behalf of Image Marketing Group, Inc.

    B. Kids Eat Free Card was a trademarked and registered fictitious name originally registered by Defendant, IMAGE MARKETING GROUP, LLC, in 2008 and assigned to Defendant, TAKITIK, INC., in October 2009.

    C. I have never heard the names Target Distribution or TJI until these names were included in the Amended Complaint filed in this lawsuit and then learned that they had something to do with Tim Herman separate and aside from myself or Dale Takio.

3



7. At no time did Lynette Lauria, notify me of any of the written policies and procedures of Plaintiff, SIMON PROPERTY GROUP ("Simon"), including, but not limited to, Simon's Code of Business Conduct and Ethics, Simon's Competitive Bidding for Field Purchases Procedures and Simon's Field Purchasing Card Procedures.

8. In a footnote at the bottom of page 6 of the Second Amended Complaint, Simon refers to Image Marketing, DT Printing, EDL, Event Planners, Florida Tourism, Hat Marketing, Deming Kids Eat Free, Takio Kids Eat Free, Pointe Distribution, Takitik, Target Distribution, and TJI collectively as the "Image Companies." In this Affidavit, in order to avoid confusion, the Affiant will use the same collective reference, when applicable.

9. At no time did Defendant, LYNNETTE LAURIA, notify me that her failure to obtain competitive bids on the services provided by the "Image Companies" and her structuring payments for invoices in order to have any invoices submitted by the "Image Companies" charged to her Simon credit card were in violation of the written policies and procedures of Plaintiff, SIMON PROPERTY GROUP ("Simon"). I have learned through this lawsuit that Lynnette Lauria had never signed any such Simon Corporate policies and procedures.

10. At no time did I assist Defendant, LYNNETTE LAURIA and/or any of the Lauria Companies in violating any of Simon's policies and procedures.

11. I had originally been a shareholder in Defendant, IMAGE MARKETING GROUP, INC., until 2008, when that company transitioned into Defendant, IMAGE MARKETING OF FLORIDA, LLC, of which I was a member. Defendant, IMAGE MARKETING OF FLORIDA, LLC, ceased doing business in 2008. I have had no involvement with Defendant, IMAGE MARKETING OF FLORIDA, LLC, since October 2010 when I left the company.



12. In 2004 I was the original incorporator of Defendant, EVENT PLANNERS USA, INC. Although I was a non-majority shareholder Defendant, EVENT PLANNERS USA, INC., Defendant, TIMOTHY HERMAN, exclusively managed and operated this company. I have had no ownership interest in or involvement with Defendant, EVENT PLANNERS USA, INC., since October 2010.

13. Throughout the business relationship of the Defendants, IMAGE MARKETING GROUP, INC., IMAGE MARKETING GROUP OF FLORIDA, LLC, and EVENT PLANNERS USA, INC., with Simon, Defendant, TIMOTHY HERMAN, was the representative who handled the contracts, invoicing, agreements, and discussions and received work orders from Defendant, LYNNETTE LAURIA, on behalf of Simon.

14. At no time did Defendant, LYNNETTE LAURIA, inform me, nor did I learn until after July 2011, that she was alleged to have falsified signatures of the Image Companies and/or Simon's officers and/or employees on Service Agreements between any of the Image Companies and Simon.

15. Defendant, TIMOTHY HERMAN, owned an interest in and/or was the exclusive manager of the business relationship between all of the Image Companies and Simon and was responsible for billings to and collections from Simon (except HAT MARKETING, LLC, which never billed Simon or collected money from Simon).

16. I have no knowledge of any billings for allegedly duplicate services provided by any of the Deming Related Companies. My role in the Deming Related Companies was to perform certain work and provide certain services to Simon as discussed with and/or directed by Defendant, TIMOTHY HERMAN. I have never knowingly attempted to collect any monies whatsoever from Simon for services not actually provided to Simon (the "duplicate payments").

5



17. Contrary to what Simon alleges in paragraph 121 of the Second Amended Complaint, the photograph taken by Dave Donaway, Simon's Chief Investigator, supposedly containing two vans owned by Image Marketing Group of Florida, LLC, was actually a photograph of one van owned by Image Marketing of Florida, LLC, and one van owned by Takitik, Inc. The photograph only showed one of the two Image Marketing vans for which the Simon advertising was to be provided. Mr. Donaway falsely claimed that the photograph showed that Image Marketing had provided only one van, not two, with the Simon agreed advertising. Had Mr. Donaway taken the time to check the ownership information by doing a motor vehicle license tag check on the two vans in the photograph, he would have learned that the photograph of the two vans did not support his conclusion.

18. At no time did I provide individual services or direct bill Simon in my name, nor did Simon make any direct payments to me.

19. At no time did I ever pay any kickback to anyone for any purpose whatsoever, including, but not limited to, the purpose of receiving a preference in obtaining work from Simon and/or to obtain approval of any business relationship with Simon, and/or to obtain approval of any billings to or payments from Simon.

20. I never used any of the Image Companies to obtain an improper financial gain from Simon. I had no knowledge whatsoever that there was any improper financial gain by any Defendants in this lawsuit at the expense of Simon.

21. Contrary to Simon's allegation that Simon never received a benefit from the use of the "Kids Eat Free Card", Simon received preferred, prominent and exclusive mall placement of its Orlando's Florida Mall location in the advertising materials furnished to customers receiving the cards and the cards drew tremendous foot traffic to the restaurants located within

6



Simon's Florida Mall, thereby fulfilling its intended purpose. This was for the benefit of the Florida Mall and Simon. Simon absolutely benefited from participating in and paying to participate in the Kids Eat Free Card program. I have no knowledge whatsoever that any kickbacks were paid to Defendant, LYNETTE LAURIA, and/or the Lauria Companies in exchange for Simon participating in the Kids Eat Free Card program.

22. The allegation in paragraph 145 that the Image Companies did not own any racks and did not have proprietary rights to distribute any brochures advertising Simon and/or any of Simon's Malls is absolutely false. I have personal knowledge and have personally placed marketing materials for Simon and its mall locations in Florida in numerous racks owned by the Image Companies and located in various hotels, motels, and other tourist destinations. In fact the subject racks and Simon advertisements are prominently displayed in photographs on the Image Company website, which also shows Thomas Brignolo, standing next to these racks and brochures, whose testimony that the racks and Simon marketing materials don't exist form the basis for Simon's lawsuit against myself, Dale Takio and our related companies.

23. At no time have I used a computer or any other device to create any fraudulent invoices to submit by mail, electronic mail, in person or otherwise to any officer, director, employee, and/or agent of Simon and/or the Lauria Companies in order to obtain improper payments from Simon. I was never paid directly by Simon and have no knowledge of any Defendant in this lawsuit receiving improper payments from Simon.

24. At all times I was engaged in providing the creative work involved in the services provided to Simon and/or its malls located in Florida on behalf of the Image Companies.



25. Contrary to what Simon alleges in Counts VII and VIII of the Second Amended Complaint, I never conspired with or participated with Defendants, DALE TAKIO, LYNETTE LAURIA, ROBERT JAMES LAURIA, SARAH LAGI, RACHAEL LAURIA, and/or TIMOTHY HERMAN, for the purpose of profiting from fraudulent actions perpetrated upon Simon, nor did I participate in sending any fraudulent invoices, correspondence, documents or any other tangible or intangible item through the United States of America's postal service, any postal service of a foreign country, any third-party delivery service and/or via facsimile, telecommunication device and/or other electronic mode of transmission to Simon in order to fraudulently obtain any benefit whatsoever from Simon.

FURTHER AFFIANT SAYETH NAUGHT.

RYAN DEMING

Sworn to and subscribed before me
on this $\partial 6$ day of December, 2012.

_____ (Seal)
Notary Public State of Florida

My Commission Expires:

JOSUE D. PABON
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE136965
Expires 10/10/2015