UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIMON PROPERTY GROUP, INC., a
Delaware corporation,

  Plaintiff

v.                 Case No. 6:11-cv-1598-ORL-31KRS

LYNNETTE LAURIA, individually and
d/b/a Marketing Resource Network, XLM
Marketing, Excell Services, XLM Excell
and PR Works; ROBERT JAMES LAURIA,
individually d/b/a Marketing Resource
Network, XLM Marketing, Excell Services,
XLM Excell and & PR Works; SARAH LAGI,
individually and d/b/a XLM Marketing;
RACHAEL LAURIA, individually and d/b/a
PR Works; TIMOTHY HERMAN, individually
and d/b/a EDL Management, Florida Tourism
Distribution Services, Target Distribution, TJI;
RYAN DEMING, Individually and d/b/a Florida
Tourism Distribution Services, Kids Eat Free Card,
Target Distribution and TJI; DALE TAKIO,
Individually and d/b/a Kids Eat Free Cards;
RJL SERVICES, LLC, an inactive Florida limited
liability company; ARNELL, INC., an inactive
Nevada corporation, and d/b/a XLM Marketing;
SNOUTHOUND ENTERPRISES, LLC,
a Florida limited liability company; IMAGE
MARKETING OF FLA, INC., a Florida
corporation; IMAGE MARKETING OF FLORIDA,
LLC, an inactive limited liability company;
IMAGE MARKETING GROUP, INC., an inactive
Florida corporation; EVENT PLANNERS USA, INC.,
An inactive Florida corporation; DT PRINTING
SOLUTIONS, LLC, an inactive Florida limited
Liability company; HAT MARKETING, LLC, a
Florida limited liability company; POINTE
DISTRIBUTION, LLC, an inactive Florida limited
Liability company; and TAKITIK, INC., an inactive
Florida corporation,

  Defendants.
_____/

## AFFIDAVIT OF LYNNETTE LAURIA

1

**IN SUPPORT OF RYAN DEMING, DALE TAKIO, AND HAT MARKETING, LLC'S MOTION FOR SUMMARY JUDGMENT**

STATE OF FLORIDA )
                           )
COUNTY OF ~~ORANGE~~ _Lake_ )SS:

    ON THIS DAY personally appeared before me, LYNNETTE LAURIA, personally known to me or who produced the following identification _Florida Driver License L600 532529180_ who after being duly sworn deposes and says as follows:

    1.     I am the same LYNNETTE LAURIA named as a Defendant in the above-styled cause of action.

    2.     In the Second Amended Complaint, the Defendants, LYNNETTE LAURIA, individually and d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Marketing and PR Works, ROBERT JAMES LAURIA, individually and d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Excell and & PR Works, SARAH LAGI, individually and d/b/a XLM Marketing, RACHAEL LAURIA, individually and d/b/a PR Works, RJL SERVICES, LLC, ARNELL, INC., and SNOUTHOUND ENTERPRISES, LLC, are referred to as "the Lauria Defendants."

    3.     In this Affidavit, the Defendants, LYNNETTE LAURIA d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Marketing and PR Works, ROBERT JAMES LAURIA d/b/a Marketing Resource Network, XLM Marketing, Excell Services, XLM Excell and & PR Works, SARAH LAGI d/b/a XLM Marketing, RACHAEL LAURIA d/b/a PR Works, RJL SERVICES, LLC, ARNELL, INC., and SNOUTHOUND ENTERPRISES, LLC, are also being referred to as "the Lauria Defendants."

4. I have personal knowledge of the facts set forth in this Affidavit. I am making this Affidavit to affirm that Defendants, RYAN DEMING, DALE TAKIO, and HAT MARKETING, LLC, have been wrongfully and improperly named as Defendants in this lawsuit and to affirm that they had no personal knowledge individually or in any business capacity of the wrongdoing and claims alleged against them in this lawsuit. It is also to affirm that Defendants, RYAN DEMING and DALE TAKIO did not undertake any actions which would have caused Defendants, TAKITIK, INC., (its wholly owned subsidiaries POINTE DISTRIBUTION, LLC, and DT PRINTING SOLUTIONS, LLC), IMAGE MARKETING GROUP, INC., IMAGE MARKETING OF FLORIDA, LLC, to be named as Defendants in this lawsuit. The allegations in this lawsuit are centered around actions solely attributed to certain Lauria Defendants and Defendant, TIMOTHY HERMAN.

5. At no time has Defendant, RYAN DEMING, owned any interest in and/or operated and/or controlled the Lauria Defendants.

6. At no time has Defendant, DALE TAKIO, owned any interest in and/or operated and/or controlled the Lauria Defendants.

7. At no time did Affiant, Lynette Lauria, notify either Defendant, RYAN DEMING or Defendant, DALE TAKIO, of any of the written policies and procedures of Plaintiff, SIMON PROPERTY GROUP ("Simon"), including, but not limited to, Simon's Code of Business Conduct and Ethics, Simon's Competitive Bidding for Field Purchases Procedures and Simon's Field Purchasing Card Procedures.

8. In a footnote at the bottom of page 6 of the Second Amended Complaint, Simon refers to Image Marketing, DT Printing, EDL, Event Planners, Florida Tourism, Hat Marketing, Deming Kids Eat Free, Takio Kids Eat Free, Pointe Distribution, Takitik, Target Distribution,

3

and TJI collectively as the "Image Companies." In this Affidavit, in order to avoid confusion, the Affiant will use the same collective reference, when applicable.

9. At no time did Affiant, Lynette Lauria, notify either Defendant, RYAN DEMING or Defendant, DALE TAKIO, that her failure to obtain competitive bids on the services provided by the "Image Companies" and her structuring payments for invoices in order to have any invoices submitted by the "Image Companies" charged to her Simon credit card were in violation of the written policies and procedures of Plaintiff, SIMON PROPERTY GROUP ("Simon").

10. At no time did Defendant, RYAN DEMING, assist Lynnette Lauria and/or any of the Lauria Companies in violating any of Simon's policies and procedures.

11. At no time did Defendant, DALE TAKIO, assist Lynnette Lauria and/or any of the Lauria Companies in violating any of Simon's policies and procedures.

12. At no time did I inform Defendant, RYAN DEMING or Defendant, DALE TAKIO, that I had falsified any signatures of the Image Companies and/or Simon's officers and/or employees on Service Agreements between any of the Image Companies and Simon. As stated in my deposition in this case, I prepared the Service Agreements and kept them in my files to attempt to demonstrate that I was in compliance with Simon's policies and procedures, should I be audited by Simon. Neither Defendant, RYAN DEMING, nor Defendant, DALE TAKIO, were told that I had taken such action.

13. Defendant, Hat Marketing, LLC, is not an entity which either billed Simon or collected money from Simon. Hat Marketing Ltd., a United Kingdom company, is the company which provided services to Simon and submitted billings directly to Simon and received payment directly from Simon. The accounts payable department of Simon knew and understood this and,

therefore, issued the payments to Hat Marketing Ltd., a United Kingdom company, not a party to this litigation.

14. Defendant, RYAN DEMING, owned an interest in the following Image Companies: Image Marketing Group, Inc., Image Marketing of Florida, LLC and Event Planners USA, Inc. ("the Deming Related Companies"). At no time did Defendant, RYAN DEMING, do business with Simon as Kids Eat Free Card, Target Distribution and/or TJI. I have personal knowledge that Ryan Deming signed over his interest in Defendants, Image Marketing Group of Florida, LLC, successor to Image Marketing Group, Inc., and Event Planners USA, Inc., to Defendant, TIMOTHY HERMAN, in October 2010.

15. Defendant, DALE TAKIO, owned an interest in the following Image Company: Takitik, Inc. In turn, Takitik, Inc. owned DT Printing Solutions, LLC, and Pointe Distribution, LLC ("the Takio Related Companies"). At no time did Defendant, DALE TAKIO do business with Simon as "Kids Eat Free Cards". Kids Eat Free Cards was a "d/b/a" of Takitik, Inc.

16. Defendant, TIMOTHY HERMAN, owned an interest in and/or was the exclusive manager of the business relationship between all of the Image Companies and Simon.

17. Any billings for allegedly duplicate services provided by any of the Deming Related Companies and the Takio Related Companies were billed as duplicates by either the Lauria Defendants or those Image Companies not associated with Defendant, Timothy Herman, that were not part of the Deming Related Companies and/or the Takio Related Companies. Specifically, the Deming Related Companies and the Takio Related Companies actually performed all work for Simon for which those companies billed, and the billings were in the amount which I and/or Simon Property Mall Managers, all of whose billings were approved by me, had agreed to on behalf of Simon. Any bills submitted by any other entity which requested

5

payment for the identical services actually provided by the Deming Related Companies and the Takio Related Companies were attempts, unrelated to Defendants, RYAN DEMING, DALE TAKIO, and HAT MARKETING, LLC, to obtain payment to those other entities for services not actually provided to Simon (the "duplicate payments").

18. Contrary to what Simon alleges in paragraph 121 of the Second Amended Complaint, Image Marketing actually had three vans, not two, and the two vans were properly wrapped with the agreed advertising content. The photographs of two vans of image Marketing taken by Dave Donaway, Simon's Investigator, only showed one of the two wrapped vans, as there was no contract for wrapping the other van which he photographed and which Mr. Donaway used to claim that Image Marketing had provided only one wrapped van, not two.

19. At no time did Defendant, RYAN DEMING, and/or Defendant, DALE TAKIO, provide individual services or direct bill Simon in their individual names, nor did Simon make any direct payments to Defendant, RYAN DEMING, and/or Defendant, DALE TAKIO.

20. I have more than twelve years of experience dealing with the pricing of marketing services in Florida and especially in the Orlando, Florida area. Although I did not comply with Simon's policies and procedures regarding obtaining competitive billing quotations, I am certain that all services provided by the Deming Related Companies and the Takio Related Companies were priced fairly given the demographics of the markets in which the services were being provided, and based upon the quality of the services provided.

21. At no time did Defendant, RYAN DEMING, and/or Defendant, DALE TAKIO, and/or Defendant, HAT MARKETING, LLC, ever pay any kickback to anyone for any purpose whatsoever, including, but not limited to, the purpose of receiving a preference in obtaining work

from Simon and/or to obtain approval of any business relationship with Simon, and/or to obtain approval of any billings to or payments from Simon.

22. Defendant, RYAN DEMING, and/or Defendant, DALE TAKIO, never used any of the Image Companies to obtain an improper financial gain from Simon.

23. Contrary to Simon's allegation that Simon never received a benefit from the use of the "Kids Eat Free Card", Simon received preferred, prominent and exclusive mall placement of its Orlando's Florida Mall location in the advertising materials furnished to customers receiving the cards and the cards drew tremendous foot traffic to the restaurants located within Simon's Florida Mall, thereby fulfilling its intended purpose. This was for the benefit of the Florida Mall and Simon. Simon absolutely benefited from participating in and paying to participate in the Kids Eat Free Card program. No kickbacks whatsoever were paid Affiant and/or the Lauria Companies in exchange for Simon participating in the Kids Eat Free Card program.

24. The allegation in paragraph 145 that the Image Companies did not own any racks and did not have proprietary rights to distribute any brochures advertising Simon and/or any of Simon's Malls is absolutely false. While I admit that the Lauria Companies owned no such racks, I have personally knowledge and have personally observed that the Image Companies owned racks placed at various hotels, motels, and other tourist destinations and that such racks contained advertising materials for Simon and/or its mall locations in Florida.

25. At no time has Defendant, RYAN DEMING, or Defendant, DALE TAKIO, used a computer or any other device to create any fraudulent invoices to submit by mail, electronic mail, in person or otherwise to Affiant and/or Simon in order to obtain improper payments from Simon.

26. I was a personal friend of Defendant, TIMOTHY HERMAN. We met socially and exchanged emails on a personal basis. The relationship between Affiant and Defendant, TIMOTHY HERMAN, was used to obtain financial benefits for the Lauria Companies and Defendant, TIMOTHY HERMAN, not to obtain financial benefit for Defendant, RYAN DEMING, Defendant, DALE TAKIO, Defendant, Hat Marketing, LLC, the Deming Related Companies and/or the Takio Related Companies. At all times Defendant, RYAN DEMING, and Defendant, DALE TAKIO, were engaged in providing the creative work involved in the services provided to Simon and/or its malls located in Florida.

27. Contrary to what Simon alleges in Counts VII and VIII of the Second Amended Complaint, neither Defendant, RYAN DEMING, nor Defendant, DALE TAKIO, ever conspired with or participated with Defendants, LYNETTE LAURIA, ROBERT JAMES LAURIA, SARAH LAGI, RACHAEL LAURIA, and/or TIMOTHY HERMAN, for the purpose of profiting from any alleged fraudulent actions perpetrated upon Simon, nor did Defendant, RYAN DEMING, and Defendant, DALE TAKIO, participate in any of the alleged predicate acts which would constitute mail fraud or wire fraud committed against Simon.

28. I have personally reviewed the Proof of Loss - Fidelity form executed by Karen Davis, Simon's Vice President of Audit Services, which form was provided by Simon to its insurance carrier, Great American Insurance Company, claiming $4,029,605.04 in damages occurring as a result of my employment by Simon between September 2002 and August 2011, I am also aware that Great American Insurance Company paid Simon $3,450,000 for Simon's recovery on the alleged loss. While I have freely testified to my wrongdoing during my September 25, 2012, deposition taken by Simon's attorney in this case, I am absolutely certain

that Simon has either intentionally or grossly negligently submitted an exorbitant and fraudulent claim resulting in a recovery of monies not lawfully due Simon in the millions of dollars.

FURTHER AFFIANT SAYETH NAUGHT.

_____
LYNNETTE LAURIA

Sworn to and subscribed before me
on this 2 day of ~~December, 2012.~~
January 2013

_____(Seal)
Notary Public State of Florida

My Commission Expires: 11/27/2015

NICHOLAS D. BRANDENBURG
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE148958
Expires 11/27/2015