UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIMON PROPERTY GROUP, INC., a
Delaware corporation,

    Plaintiff

v.                                                 Case No. 6:11-cv-1598-ORL-31KRS

LYNNETTE LAURIA, et al.,

    Defendants.
_____/

**<u>DEFENDANT DALE TAKIO'S MOTION FOR MODIFICATION OF JUNE 21, 2013, ORDER (DOC. 391) GRANTING JOINT MOTION FOR STAY AND MOTION TO BIFURCATE PLAINTIFF'S CLAIMS AGAINST DEFENDANT, DALE TAKIO, ALLEGED IN THE SECOND AMENDED COMPLAINT FROM THE PLAINTIFF'S CLAIMS AGAINST THE REMAINING DEFENDANTS IN ORDER TO AVOID FURTHER PREJUDICE TO DEFENDANT, DALE TAKIO, INCORPORATING MEMO OF LAW</u>**

Pursuant to Fed. R. Civ. P. 7(b) and 42(b) and Local Rule 3.01, Defendant, DALE TAKIO, (individually and d/b/a Kids Eat Free Cards)("Takio"), by and through his undersigned counsel, respectfully moves this Court for entry of an Order modifying the June 21, 2013, Order (Doc. 391) granting a stay of this proceeding by vacating the stay as to the claims against Defendant, DALE TAKIO, set forth in Plaintiff's Second Amended Complaint (Doc. 147) and, thereupon, bifurcating such claims against Defendant, DALE TAKIO, to enable this matter to proceed immediately to a jury trial. As grounds therefore, Takio will demonstrate unto this Court as follows:

1. On May 9, 20013, Defendant, TIMOTHY HERMAN, filed a pro se Chapter Petition under United States Bankruptcy Court Case No. 6:13-bk-05832-CCJ.

2. On June 6, 2013, Defendant, RYAN DEMING, filed a Chapter Petition under United States Bankruptcy Court Case No. 6:13-bk-07062-CCJ.

1

3. On June 21, 2013, this Court entered an Order (Doc. 391) upon the joint motion of the parties staying Case No. 6:11-cv-1598-ORL-31KRS and requiring counsel for the Plaintiff to file a status report on the bankruptcy proceedings of Defendants, RYAN DEMING and TIMOTHY HERMAN on September 30, 2013 and every 90 days thereafter.

4. On August 19, 2013, almost two months after the Stay Order was entered, Plaintiff, SIMON PROPERTY GROUP, INC. ("Simon"), filed an adversary proceeding against Debtor, TIMOTHY HERMAN, under United States Bankruptcy Court Case No. 6:13-ap-00142-CCJ, seeking an exception to discharge in the Debtor's bankruptcy action of Simon's claims alleged against TIMOTHY HERMAN in Simon's Second Amended Complaint filed in this cause.

5. On September 9, 2013, two and one-half months after the Stay Order was entered, Simon filed an adversary proceeding against Debtor, RYAN DEMING, under United States Bankruptcy Court Case No. 6:13-ap-00155-CCJ, seeking an exception to discharge in the Debtor's bankruptcy action of Simon's claims alleged against RYAN DEMING in Simon's Second Amended Complaint filed in this cause.

6. On September 30, 2013, Simon filed its initial status report concerning the bankruptcy cases and adversary proceedings relating to Defendants, RYAN DEMING and TIMOTHY HERMAN advising that both stays remained in place in the bankruptcy matters, which matters were pending.  Doc. 400.

7. On December 23, 2013, Simon filed its second status report concerning the bankruptcy cases and adversary proceedings relating to Defendants, RYAN DEMING

and TIMOTHY HERMAN advising that the stays remained in place in the bankruptcy matters, which matters were pending. Doc. 404.

8. On March 24, 2014, Simon filed its third status report concerning the bankruptcy cases and adversary proceedings relating to Defendants, RYAN DEMING and TIMOTHY HERMAN, advising that both stays remained in place in the bankruptcy matters, which matters were pending. Doc. 405.

9. Simon's next status report is not due until June 23, 2014.

10. Simon's adversary proceeding against TIMOTHY HERMAN in United States Bankruptcy Court Case No. 6:13-ap-00142-CCJ is currently set for trial June 18, 2014, at 10:30 A.M.

11. Simon's adversary proceeding against RYAN DEMING in United States Bankruptcy Court Case No. 6:13-ap-00155-CCJ is scheduled for a pretrial conference on April 15, 2014, at 1:30 P.M. Trial of this adversary has not yet been scheduled. Upon speaking with counsel for Mr. RYAN DEMING, counsel does not believe that this bankruptcy matter will be trial ready for a minimum of another six months, plus.

12. "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

13. Quoting Judge Scola's March 5, 2012, Order on Motion to Bifurcate entered in Unites States District Court for the Southern District of Florida Case No. 10-23296-CIV-SCOLA styled *Gonzalez v. Metropolitan Delivery Corp.* (Docket Entry 51): "Rule of Civil Procedure 42(b) provides for the bifurcation of matters only where it

would "further convenience, avoid prejudice, or promote efficiency." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). The movant bears the burden to show that bifurcation is warranted, see [*Brown v. Toscano*, 630 F.Supp.2d 1342, 1346 (S.D. Fla. 2008)], and ultimately the decision to bifurcate is committed to the district court's sound discretion, see *Griffin*, 261 F.3d at 1301."

14. Since the filing by Simon of the Amended Complaint in this action on March 14, 2012 (Doc. 63), joining DALE TAKIO as a Defendant, DALE TAKIO has been materially prejudiced in his search for employment directly due to the Simon's allegations against him. Takio is by history qualified for well-paid employment positions; however, the allegations alleged against him by Simon in the Amended Complaint and Second Amended Complaint are a public record and are not only highly prejudicial, but highly relevant to any potential employer's evaluation of Takio's character. While DALE TAKIO is not yet bankrupt, his savings are now completely depleted, attributing his present hardships to Simon and the false allegations which are plaguing him and his family.

15. The Court may recall that when the June 21, 2013, Order granting the Stay was entered, the Order specifically authorized Takio's undersigned counsel to take the deposition of THOMAS BRIGNOLO, Simon's principal eye witness to the purported allegations against Talkio contained in the Second Amended Complaint.

16. The undersigned counsel took the deposition of Thomas Brignolo, the principal witness for Simon on July 12, 2013. A copy of the July 12, 2013, deposition of THOMAS BRIGNOLO is filed herewith as Exhibit "1".

17. Among the material portions of Mr. Brignolo's testimony which contradict Simon's allegations against Takio are the following:

Page 42, Lines 7-11:

> 7 Q Okay. Do you have any belief, evidence, or
>
> 8 contention, that any billing irregularities or false
>
> 9 billings or billing for services not performed, were
>
> 10 created by Dale Takio?
>
> 11 A No. Tim did all the billing.

Page 43, Lines 7-9:

> 7 Q Did you ever see Dale Takio partake in any of
>
> 8 Simon's billing?
>
> 9 A No.

Page 45, Lines 8-11:

> 8 Q Okay. Did you ever see Ryan Deming and/or
>
> 9 Dale Takio create an invoice and submit it to Simon
>
> 10 Property Group?
>
> 11 A No.

Page 54, Line 9, through page 55, Line 3:

> 9 Q Going back, is it fair to say that when you
>
> 10 reported this matter to Simon Property Group -- first,
>
> 11 just to set the tone, it was you who reported this
>
> 12 matter to Simon Property Group, right?
>
> 13 A Yes.

14 Q Is it fair to say at the time that you

15 reported it, you believed that the company that was

16 being reported at that point was really just Tim Herman?

17 A Yes.

18 Q You did not believe you were involving Ryan

19 Deming into this?

20 A Correct.

21 Q You did not believe you were involving Dale

22 Takio into this?

23 A Correct.

24 Q As a matter of fact, the documentation that

25 you reported, and the issues that you reported on in

1 your head, at least, you believe that to be related to

2 Tim, and Tim Herman, only?

3 A Yes.

Page 63, Lines 3-9:

3 Q So if Lynnette Lauria was doing something with

4 Tim Herman or with Image Marketing or with any of the

5 related companies, it would -- is it your understanding

6 that Lynnette and Tim Herman would be working on that,

7 collectively, it would not be involving Ryan Deming or

8 Dale Takio?

9 A No. It would just be Tim.

Page 82, Lines 10-23[1]:

    10 Q Okay. I'm reading part of Mr. Homme's report

    11 here. And so, again, this goes to clarification. He's

    12 referring to you in your January 2012 deposition. And

    13 he -- he states, again, that it's being alleged by you

    14 that Image Marketing overcharges Simon and provides

    15 kickbacks to Lynnette Lauria, Regional Marketing

    16 Director for Simon. Again, the context of your 2012

    17 deposition, you do state that?

    18 A Yes.

    19 Q Okay. It's general, general conversation.

    20 When you made such a statement or context, were you

    21 intending to include Ryan Deming and Dale Takio within

    22 that?

    23 A No.

Page 83, Lines 13-18:

    13 Q Okay. Are you aware of any knowledge on the

    14 part of Ryan Deming or Dale Takio that they would have

    15 had knowledge that Image Marketing was somehow falsely

    16 billing Simon Properties?

    17 A No. Because that would be through Tim's

    18 computer.

---

[1] Mr. Homme is Simon's expert witness.

Page 83, Lines 22-24:

> 22 Q Are you aware if Tim Herman ever shared his
>
> 23 billing or invoicing with Ryan Deming or Dale Takio?
>
> 24 A No way.

Page 88, Line 22-Page 89, Line 1:

> 22 Q Do you have any knowledge whatsoever of any
>
> 23 type of false billing to Simon Properties Group or to
>
> 24 any other clients of Image Marketing that was done by
>
> 25 Ryan Deming or Dale Takio?
>
> 1 A Not that I know of.

18. Based upon Mr. Brignolo's July 12, 2013, testimony, it is apparent that the Plaintiff's case against Takio is tenuous, at best.

19. On information and belief, Defendant, LYNNETTE LAURIA, is contemplating whether to file a Petition in bankruptcy.  Any such filing will cause a further stay in this litigation which will cause DALE TAKIO to further suffer Simon's defamatory and stressful allegations as well as deplete the remainder of his finances.

20. Almost eleven (11) months have passed since Defendant, TIMOTHY HERMAN, filed his *pro se* Chapter 7 bankruptcy petition.

21. Almost ten (10) months have passed since Defendant, RYAN DEMING, filed his Chapter 7 bankruptcy petition.

22. The Stay in this matter is causing a material hardship to Defendant, DALE TAKIO, and Mr. Takio's family in that he is unable to obtain a resolution of Simon's highly prejudicial claims against him.

23. While mindful of the old adage "Be careful what you wish for!", Defendant, DALE TAKIO, firmly believes that allowing this case to remain in limbo, Mr. Takio and his family has and will continue to suffer greater prejudice than if Simon's claims against him were expeditiously resolved.

WHEREFORE, Defendant, DALE TAKIO, respectfully prays that this Court will enter an Order modifying the June 21, 2013, Order granting a stay of this proceeding by vacating the stay as to the claims against Defendant, DALE TAKIO, set forth in Plaintiff's Second Amended Complaint and, thereupon, bifurcating such claims against Defendant, DALE TAKIO, to enable this matter to proceed to a jury trial.

### LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that I have conferred with counsel for Plaintiff in an effort to amicably resolve the issues raised and the relief sought in this motion, and the opposing counsel opposes this motion.

/S/ Craig A. Brand, Esq.
_____
**Craig A. Brand, Esq.**
**FBN: 896111**

### ECF CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF System which will send a notice of electronic filing to the following:

Carlos E. Mustelier, Jr. Esq., Winget, Spadafora, Schwartzberg LLP,
mustelier.c@wssllp.com.

Anthony D. Green, Esq., Winget, Spadafora, Schwartzberg LLP,
Green.A@wssllp.com.

Thomas A. Sadaka, Esq.
tom@nejamelaw.com, tsadaka@cfl.rr.com, carol@nejamelaw.com

and on this same date furnished a copy of the foregoing by First Class U.S. Mail to Justin R. Infurna, Esq., Attorney for Ryan Deming, Debtor, The Infurna Law Firm, P.A., 69 Pine Street, Orlando, FL 32801.

and on this same date furnished a copy of the foregoing Timothy Herman, by electronic mail at tim@exileorlando.com and mailed furnished a copy of the foregoing to him by First Class U.S. Mail to P. O. Box 14152, Orlando, FL 32814.


/S/ *Craig A. Brand, Esq.*

_____
**CRAIG A. BRAND, ESQ.**
FBN: 896111
THE BRAND LAW FIRM, P.A.
Attorneys for Defendants, Event
Planners USA, Inc.; Image Marketing of
Florida, LLC; Image Marketing Group, Inc.;
Dale Takio, Individually and d/b/a Kids
Eat Free Cards; DT Printing Solutions, LLC;
Hat Marketing, LLC; Pointe Distribution, LLC;
and Takitik, Inc.
Grove Forest Plaza
2937 S.W. 27th Avenue, Suite 101
Miami, Florida 33133
Main Office and Fax Line. 877-407-2726
(VOIP Dual Line)
Tel. (305) 878-1477
E-Mail: Craig@thebrandlawfirm.com
www.TheBrandLawFirm.com